**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNYSLYVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **V.** | : | **Criminal Action No. 19-71-12** |
| | : | |
| **CARL CHIANESE,** | : | |
| | : | |
| **Defendant** | : | |

**DEFENDANT CARL CHIANESE'S SENTENCING MEMORANDUM**

CARL CHIANESE, by and through his counsel, THOMAS O. FITZPATRICK, Esq., respectfully submits the following Sentencing Memorandum in anticipation of his sentencing hearing on March 10, 2022.

I.      PRELIMINARY STATEMENT

The Defendant does not dispute the factual averments of the pre-sentence report. Additionally, the Defendant does not dispute the pre-sentence report's overall offense level and guideline calculation.    Pursuant to Rule 11(c)(1)(C) the Defendant herein urges the Court to order the imposition of the agreed upon concurrent sentence of 60 months' imprisonment, to run concurrent with the sentence the defendant is currently serving in Criminal Numbers 19-713, and 18-128, and 98-008(DNJ, Kugler, J.) to be followed by a 3-year period of supervised release.

BACKGROUND

While the Defendant does not dispute certain factual averments, it is of note that the Defendant is currently serving a lengthy period of imprisonment under the aforementioned criminal numbers and the current offenses occurred during the same timeframe as the aforementioned.

ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

Consistent with the instant Rule 11(c)(1)(C) plea agreement, the Defendant requests a sentencing departure from the bottom range of the sentencing range recommended by the guidelines. After considering all of the sentencing factors set forth in 18 U.S.C. § 3553(a), the sentence reduction under the plea agreement is appropriate for Defendant. Those factors include: (1) the nature and the circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (5) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1. **The nature and circumstances of the offense and the history and characteristics of the defendant:**

        a. The nature and circumstances of the offense

The defense acknowledges the representations and averments concerning the nature and circumstances of the offense as contained in the Pre-Sentence Report. Defendant asserts and acknowledges his personal culpability regarding his role in the offenses. The Government notes that threats of physical harm were made in the commission of certain offenses. However, it should also be noted that no attempts at physical harm were made nor did the defendant or any of

2

his alleged associates carry out any threats of harm to others.

<u>b. The history and characteristics of the defendant</u>

Carl Chianese is an elderly (82) man with age-related physical ailments as well as chronic health conditions. Defendant has no spouse or children or grandchildren to provide emotional support and homecare as he ages. As such, the agreed upon sentence which would potentially imprison the defendant beyond his 90th birthday will have a significant impact on the remainder of his life.

Mr. Chianese's remorse is profound and sincere. He understands that the golden years of his life have been severely impacted by criminal convictions and lengthy federal imprisonment, this case will mark an end to such failures. At the sentencing hearing, the candor and depth of his remorse will be evident.

2. **<u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>**

The defense does not dispute that the incident for which the Defendant is being sentenced is serious and that any sentence imposed in this matter will reflect that point. It is certain that the conviction alone will impact Mr. Chianese's life considerably, potentially impacting his options for programming and social services support. Defendant asks this Court to consider both his acceptance of responsibility and advanced age and health condition while determining the imposition of sentence.

3. **<u>The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.</u>**

Again, the defense does not dispute that the incident for which the defendant is being

sentenced is serious and that the sentence imposed in this matter will reflect that point. It is of note that no one was physically harmed during the course of his conduct. Mr. Chianese does not represent a danger to the community. The Government concedes that at the Defendant's advanced age, the risk of recidivism is minimal. Additionally, Mr. Chianese has been a model inmate throughout his current term of imprisonment.

4. **The need to provide the defendant with educational or vocational training, medical care, or correctional treatment in the most effective manner.**

Mr. Chianese has retired from legitimate employment with the ironworkers' union and no need for educational or vocational training exist. However, Mr. Chianese has a number of medical conditions that require medication, treatment and care. Those conditions include, chronic kidney disease, heart disease, diverticulitis, hyperlipidemia. Hypertension, and other agre related conditions that require consistent medication regiments. In light of the receding pandemic and the state of resources, although vaccinated, Mr. Chianese remains at high risk if he has exposure to the coronavirus or delta variant which might turn any term of imprisonment into a far more serious health ramification.

5. **The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

As will be established at the sentencing hearing, other individuals who have been involved in similar conduct will undoubtedly receive serious sentences. However, Mr. Chianese's advance age renders any sentence a potential death sentence. Whereas, Mr. Chianese has both accepted responsibility and been held accountable for his actions, the defense would ask the court to accept the recommendation of the parties and impose the sentence as recommended.

6. **The need to provide restitution to any victims of the offense.**

The Government is not seeking restitution in this matter.

II.      <u>Pre-Sentence Report's Sentencing Calculation</u>

The Probation Office's calculation of Defendant's total offense level of 35 and a criminal history category VI resulting in a guideline imprisonment range of 30-37 months is accurate. Here, the Pre-sentence report accurately calculates the resulting guideline range of 292-365 months' imprisonment.   However, the Defendant's advanced age and current sentence addresses all of the aforementioned sentencing concerns and factors under 3553(a) and therefore the Rule 11(c)(1)(C) for a concurrent sentence of 60 months' imprisonment is appropriate.

<u>CONCLUSION</u>

Defense respectfully requests that the Court impose a concurrent sentence of 60 months' imprisonment followed by 3-years of supervised release.

Respectfully submitted,

_____
Thomas O. Fitzpatrick, Esq.
Counsel for CARL CHIANESE

<u>*CERTIFICATE OF SERVICE*</u>

I hereby certify that on this date a true and correct copy of the Defendant's Sentencing

Memorandum has been served upon the following:

Jonathon Ortiz, Esquire
U.S. Department of Justice
615 Chestnut
Philadelphia, PA 19107

By:_____
Thomas O. Fitzpatrick, Esquire
Attorney for CARL CHIANESE

Dated:    March 5, 2022